NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-55722 |
| Plaintiff-Appellee, | D.C. No. 2:19-cv-09709-CAS-KS |
| v. | |
| TOM I. LINCIR, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted November 14, 2022[**]
Pasadena, California

Before: WARDLAW and W. FLETCHER, Circuit Judges, and KORMAN,[***] District Judge.

Tom I. Lincir (Lincir) appeals a district court order granting summary

judgment to the government and entering judgment of an income tax deficiency in

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

the amount of $12,557,294.20. On appeal, Lincir argues that the government failed to return his first Offer in Compromise ("OIC"), which attempted to settle his liability for less than the full amount, and that his offer was therefore accepted by default under 26 U.S.C. § 7122(f). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Lincir contends that a letter from the Internal Revenue Service ("IRS") on October 22, 2010 (the "October 22 Letter") informing him that the IRS "cannot process and/or further investigate the offer" did not officially "return" his first OIC. However, the plain text of the Tax Code and its associated regulations makes clear that a letter stating that the IRS "cannot process" an OIC "returns" an OIC, even if it does not use the magic word "return." An OIC is "deemed to be accepted by the Secretary if such offer is not rejected by the Secretary before the date which is 24 months after the date of the submission of such offer." 26 U.S.C. § 7122(f). Under the IRS regulations, however, an OIC can be "returned following a determination that the offer was nonprocessable." 26 C.F.R. § 301.7122-1(f)(5)(ii). Once an OIC is deemed nonprocessable, then "the IRS may levy to collect the liability that is the subject of that offer at any time after it returns the offer to the taxpayer." *Id.* at § 301.7122-1(g)(4). An OIC is considered pending "only for the period between the date the offer is accepted for processing and the date the IRS returns the offer to the taxpayer." *Id.* at § 301.7122-1(d)(2).

2

Therefore, the October 22 Letter informed Lincir that the IRS was no longer processing his OIC and was tantamount to a return of the OIC, even without using the word "return."[1]

2.    Lincir further contends that a genuine dispute of material fact exists as to whether the IRS returned Lincir's first OIC with the October 22 Letter. However, even when viewed in the light most favorable to Lincir, the text of the letter unambiguously states that the IRS cannot "process" or "further investigate" the OIC.  IRS guidance does not require that a reason be given that an OIC is nonprocessable, only that the IRS "mails, or personally delivers, a written letter to the taxpayer informing the taxpayer of the decision to return the offer."  Rev. Proc. 2007-31, 2003-2 C.B. 517 § 5.06.  There is no reading of the October 22 Letter that would indicate that the IRS was still considering Lincir's first OIC.

Further, subsequent communications between Lincir and the IRS demonstrate that Lincir understood that his first OIC was returned.  Lincir argues that the two letters from the IRS's Atlanta and Memphis offices that he received after the October 22 Letter indicated that his first OIC remained under

---

[1] Lincir relies upon the Internal Revenue Manual (IRM)—a guide of IRS best practices—to argue that the IRS was required to use a form letter to return an OIC. However, "[t]he Internal Revenue Manual does not have the force of law and does not confer rights on taxpayers." *Fargo v. Comm'r*, 447 F.3d 706, 713 (9th Cir. 2006).  Additionally, the IRS could not have used the form letter in 2010, when the October 22 Letter was sent, because this form letter was not adopted until May 2012.

consideration, creating ambiguity around whether the October 22 Letter constituted a return.  However, after the Atlanta and Memphis letters were sent, Lincir's attorneys had four communications with the IRS where the government indicated the first OIC was returned because it believed the letter was submitted solely to delay collection.  Thus, Lincir unambiguously understood that the first OIC was no longer pending.

**AFFIRMED.**